UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEY SIVAK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZAHIDA PEREA,<br><br>　　　　　Defendant. | Case No.　24-cv-01038-AMO  (PR)<br>　　　　　24-cv-01754-AMO (PR)<br>　　　　　24-cv-02333-AMO (PR)<br>　　　　　24-cv-02334-AMO (PR)<br>　　　　　24-cv-02343-AMO (PR)<br>　　　　　24-cv-02344-AMO (PR)<br>　　　　　24-cv-02623-AMO (PR)<br>　　　　　24-cv-02624-AMO (PR)<br>　　　　　24-cv-03012-AMO (PR)<br>　　　　　24-cv-03017-AMO (PR)<br>　　　　　24-cv-03020-AMO (PR)<br>　　　　　24-cv-04381-AMO (PR)<br>　　　　　24-cv-06261-AMO (PR)<br>　　　　　24-cv-09158-AMO (PR)<br>　　　　　24-cv-09168-AMO (PR)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL; AND DIRECTING CLERK TO RETURN WITHOUT FILING ANY FURTHER MOTIONS OR FILINGS UNRELATED TO APPEAL** |

Lacey Sivak, an Idaho state prisoner and frequent litigant, filed the above-captioned actions, representing himself. In each case, the Court denied Sivak's motion for leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(g)[1] and subsequently dismissed each

---

[1] On April 26, 1996, the Prison Litigation Reform Act of 1995 ("PLRA") was enacted and became effective. The PLRA provides that a prisoner may not bring a civil action or appeal a civil

action for failure to pay the filing fee in any of the above-captioned cases as the deadlines to do so had passed.

Sivak thereafter filed a notice of appeal of the Court's dismissal in each of the above-captioned cases. Any pending motion for leave to proceed IFP on appeal[2] is **DENIED** pursuant to 28 U.S.C. § 1915(g) for the same reasons he was denied such status by this Court. If Sivak moves in the Ninth Circuit to proceed IFP, the Ninth Circuit will conduct an independent review of the record to determine whether the appeal is frivolous. The Ninth Circuit will decide whether to grant the prisoner IFP status. If IFP status is denied by the Ninth Circuit, the prisoner will nonetheless be directed to pay the entire filing fee and to show cause why the appeal should not be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2).

The Clerk of the Court is directed to serve a copy of this order on the parties and on the Ninth Circuit. In any of the above-captioned cases, the Clerk **SHALL** return, without filing, any further documents Sivak submits in these closed cases that are unrelated to his appeal.

**IT IS SO ORDERED.**

Dated: May 30, 2025

_____
**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**

---

judgment IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[2] A prisoner must seek leave to proceed IFP on appeal in the district court. *See* Fed. R. App. P. 24(a).